LAWRENCE, J.
Joseph Eugene Thurman (Thurman) appeals the order and judgment of the trial *606 court assessing costs in favor of appellee Shirley B. Mistovich (Mistovich) and against Thurman in a suit involving an automobile accident. We reverse.
Thurman sued Mistovich for bodily injuries sustained by him in a traffic accident which occurred on May 8, 1994. Mistovich conceded fault and the trial proceeded solely on the issue of damages sustained by Thurman as a result of the accident.
The parties entered into a “high-low” agreement prior to trial whereby they agreed that notwithstanding the verdict of the jury, Thurman would be entitled to a judgment for damages in an amount no less than $20,000 but no more than $70,-000. The agreement was silent with respect to the assessment of costs. The jury found that Mistovich’s negligence was not a legal cause of loss, injury, or damage to Thurman and thus no damages were awarded by the jury. Pursuant to the minimum provisions of the parties’ “high-low” agreement, a final judgment was entered in favor of Thurman in the amount of $20,000. The trial court assessed costs in favor of Mistovich and against Thurman in the amount of $2,258.19, to be set off against the Final Judgment, despite Thurman’s argument that he was the sole party entitled to an award of costs.
Section 57.041(1), Florida Statutes (1997), in pertinent part, provides: “The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment.”
The very nature of a “high-low” agreement is to guarantee that a plaintiff will recover a judgment in some amount, while reducing a defendant’s risk that the trier of fact will return an unexpectedly high verdict. The parties are of course free to agree to whatever terms they wish on the issue of costs.
Because Thurman recovered a judgment in the amount of $20,000 and there was no agreement to the contrary, he is entitled to an award of costs under the clear language of section 57.041(1). We therefore reverse and remand to the trial court with instructions to vacate the judgment assessing costs in favor of Mistovich, and enter a judgment assessing costs in favor of Thurman.
MINER and WEBSTER, JJ., CONCUR.